IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TAMMY FISCHBECK,                                         Case No. 6:16-cv-00851-JR

                 Plaintiff,                                       FINDINGS AND
                                                                                              RECOMMENDATION
      v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                 Defendant.

RUSSO, Magistrate Judge:

       Plaintiff Tammy Fischbeck brings this action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Title XVI Social Security Income under the Social Security Act. For the reasons set forth below, the Commissioner's decision should be reversed and this case should be remanded for further proceedings.

Page 1 – FINDINGS AND RECOMMENDATION

**BACKGROUND**

Born in 1968, plaintiff alleges disability beginning November 6, 2012,[1] due to fibromyalgia, arthritis, depression, anxiety, learning problems, hyperthyroidism, irritable bowel syndrome, and acid reflux. Tr. 10, 229, 246, 260. On September 26, 2014, the Administrative Law Judge ("ALJ") issued a decision finding plaintiff not disabled. Tr. 10-22. After the Appeals Council denied her request for review, plaintiff filed a complaint in this Court. Tr. 1-4.

**THE ALJ'S FINDINGS**

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since the most recent application date. Tr. 12. At step two, the ALJ determined the following impairments were medically determinable and severe: "fibromyalgia, psoriatic arthritis, affective disorder, anxiety, and personality disorder." Id. At step three, the ALJ found that plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 14.

The ALJ next resolved plaintiff had the residual functional capacity ("RFC") to perform light work, except that she was limited to: "frequent reaching/handling with the dominant hand"; "occasional climbing of ramps, stairs, ladders and scaffolds"; "frequent balancing, stooping, kneeling, crouching and crawling"; "no exposure to hazards, such as unprotected heights and moving mechanical parts"; "simple, routine, and repetitive tasks"; and "occasional interaction with coworkers and superficial interaction with the public, which is defined as casual and perfunctory." Tr. 15-16.

---

[1] Plaintiff initially alleged disability as of August 28, 2000; however, her previously denied claims preclude a finding of disability as of that date. Tr. 10, 229, 250-51. Accordingly, plaintiff amended her alleged onset date to November 6, 2012, to coincide with the application date. Tr. 10, 246.

At step four, the ALJ found that plaintiff had no past relevant work. Tr. 21. At step five, the ALJ concluded that plaintiff could perform a significant number of jobs in the national and local economy despite her impairments, such as small products assembler, garment sorter, and electronics worker. Tr. 21-22.

**DISCUSSION**

Plaintiff argues that the ALJ erred by: (1) not including chronic pain syndrome as a medically determinable and severe impairment at step two; (2) neglecting to find that her personality disorder meets or equals Listing 12.08; (3) rejecting her subjective symptom statements; and (4) failing to account for all of her limitations in the RFC and at step five.

**I. Step Two Finding**

Plaintiff asserts the ALJ failed to list chronic pain syndrome as a medically determinable, severe impairment at step two. At step two, the ALJ determines whether the claimant has an impairment that is both medically determinable and severe. 20 C.F.R. § 416.920(c). An impairment is severe if it "significantly limit[s]" the claimant's ability to do basic work activities. 20 C.F.R. § 416.921. An impairment is medically determinable if it is diagnosed by an acceptable medical source and based upon acceptable medical evidence. SSR 96-4p, available at 1996 WL 374187. The step two threshold is low; the Ninth Circuit describes it as a "de minimus screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted).

The ALJ thoroughly summarized medical evidence pertaining to plaintiff's physical and mental impairments, and found that plaintiff's fibromyalgia, arthritis, depression, anxiety, and personality disorder were medically determinable and severe at step two. Tr. 12-14. As such,

"[a]ny alleged error at step two was harmless because step two was decided in [plaintiff's] favor with regard to other ailments." Mondragon v. Astrue, 364 Fed. Appx. 346, 348 (9th Cir. 2010).

Furthermore, plaintiff neglected to address how the ALJ's alleged error in assessing step two was harmful and any such error is not apparent to this Court. See generally Pl.'s Opening Br.; see also McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011) (as amended) (party seeking reversal bears the burden of establishing how the alleged error was harmful). In any event, the record does not indicate that plaintiff's chronic pain syndrome resulted in limitations discrete from her fibromyalgia or arthritis. The medical evidence contains multiple references to plaintiff's generalized muscular and/or joint pain; her providers attributed this pain alternatively to fibromyalgia, arthritis, or chronic pain syndrome, or some combination thereof. See, e.g., Tr. 903, 919-23, 1068, 1076, 1080, 1086, 1099, 1178-83; see also Corso v. Colvin, 2014 WL 950029, *5-6 (D. Or. Mar. 11, 2014) (affirming the ALJ's step two finding where the ALJ used a more general term – "history of left wrist injury" – to account for the claimant's doctors' varying descriptions of his left arm condition/symptoms). Indeed, plaintiff reported to Andrea Marshall, D.O., in March 2013 that she was "unable to separate the pain" of her various physical conditions. Tr. 919.

Therefore, the ALJ adequately accounted for all of plaintiff's medically determinable and severe impairments at step two. Even assuming the ALJ erred, because the ALJ's sequential evaluation properly considered the effects of all of plaintiff's alleged symptoms, any purported error at step two was harmless. Burch v. Barnhart, 400 F.3d 676, 682-83 (9th Cir. 2005). The ALJ's decision should be affirmed as to this issue.

**II. Step Three Finding**

Plaintiff contends the ALJ did not sufficiently discuss whether she met or equaled the listing for personality disorders – i.e., Listing 12.08. At step three, the ALJ determines whether the claimant's medically determinable, severe conditions meet or equal a listed impairment. 20 C.F.R. § 416.920(a)(4)(iii). To establish a listed impairment, the claimant must demonstrate that "all of the specified criteria [are met]." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Id.

Here, the ALJ applied the special technique for evaluating mental impairments and determined that "[t]he severity of [plaintiff's conditions], considered singly or in combination, do not meet or medically equal 12.04, 12.06, and 12.08." Tr. 14. In making this finding, the ALJ resolved plaintiff was mildly restricted in activities of daily living, moderately restricted in social functioning, and moderately restricted in concentration, persistence, or pace. Tr. 14-15. The ALJ then discussed listings 12.04 and 12.06 in greater detail, each of which require, amongst other things, at least two marked impairments in either daily activities, social functioning, or concentration persistence, or pace. Tr. 15.

Thus, plaintiff is correct to the extent she asserts the ALJ "spent little time discussing the question of [her] personality disorder and whether it met Listing 12.08." Pl.'s Opening Br. 16. Plaintiff nonetheless acknowledges that, like Listings 12.04 and 12.06, Listing 12.08 generally requires medical evidence of "at least two marked disturbances." Id. at 17. In other words, step three findings are based upon "medical severity" without reference to a claimant's testimony, such that "generalized assertion[s] of functional problems" are insufficient to establish

Page 5 - FINDINGS AND RECOMMENDATION

presumptive disability. 20 C.F.R. § 416.920(a)(4)(iii); Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir.1999).

Plaintiff, however, does not cite to, and the Court is not aware of, any opinion or other medical evidence evincing marked or extreme degrees of limitation. Rather, plaintiff concludes, based on her subjective symptom statements to medical providers, that she is markedly limited in all three aforementioned areas. Pl.'s Opening Br. 17-20. Plaintiff failed to carry her burden and the ALJ's step three finding should be affirmed.

## III. Plaintiff's Testimony

Plaintiff argues the ALJ neglected to provide a legally sufficient reason, supported by substantial evidence, to reject her subjective symptom statements concerning the severity of her symptoms. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1281 (internal citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted).

Thus, in formulating the RFC, the ALJ is not tasked with "examining an individual's character" or propensity for truthfulness, and instead assesses whether the claimant's subjective

symptom statements are consistent with the record as a whole. SSR 16-3p, available at 2016 WL 1119029.[2] If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

At the hearing, plaintiff testified she was unable to work due to problems socializing appropriately with co-workers, as well as physical and mental impairments that "butt heads" and exacerbate one another. Tr. 90, 93. She elaborated that overall exhaustion and pain make it difficult to "stand or sit for a long period of time"; the physical pain contributes to her anxiety, which causes "crying, screaming fits, [and] frustration," and, eventually, for her to shut down. Tr. 77, 85, 90, 94, 98. Plaintiff stated she self-isolates and takes a two-to-three hour nap every afternoon to help manage her symptoms. Tr. 90, 94. She testified that these anxiety attacks nonetheless occur "several times a month," lasting anywhere from thirty minutes to "several days," despite the utilization of regular counseling and numerous anti-anxiety medications. Tr. 57, 88-89, 95.

Regarding activities, plaintiff stated she washes dishes as needed (which takes five to ten minutes), prepares simple meals (typically from partially packaged food sources) two-to-three times per day, and attends church for three hours once per week. Tr. 76-81, 84-85, 95. Plaintiff noted that she has a few friends who help her shop for food and clothing; these friends also assist

---

[2] The parties dispute whether SSR 16-3p applies retroactively to this case. Compare Pl.'s Opening Br. 7-8, with Def.'s Resp. Br. 4-5. The Ninth Circuit recently held that SSR 16-3p is a rule clarification, as opposed to a rule change. See Trevino v. Berryhill, 862 F.3d 987, 1000 n. 5 (9th Cir. 2017) ("SSR 16-3p . . . makes clear what our precedent already required"). Regardless, the Court need not resolve this issue because the ALJ's analysis fails to pass muster under either SSR 96-7p or SSR 16-3p.

plaintiff with transportation, carrying heavier items up the stairs to her apartment, and larger cleaning projects. Tr. 72, 74-75, 83, 91-92, 96.

After summarizing her hearing testimony, the ALJ determined plaintiff's medically determinable impairments could reasonably be expected to produce some degree of symptoms, but her statements regarding the extent of these symptoms were not fully credible because "the medical record does not support the degree of [physical and mental] limitation alleged," there was evidence of "poor effort" during one physical exam, and her counseling notes evinced improvement with treatment. Tr. 17-18.

An independent review of the record does not support the ALJ's conclusions. Concerning plaintiff's physical impairments, the Court notes, as a preliminary matter, that an ALJ "may not disregard [a claimant's testimony] solely because it is not substantiated affirmatively by objective medical evidence." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006); see also Lingenfelter v. Astrue, 504 F.3d 1028, 1040 (9th Cir. 2007) ("whether the alleged symptoms are consistent with the medical evidence" is a relevant consideration, but "an ALJ cannot reject a claimant's subjective pain or symptom testimony simply because the alleged severity of the pain or symptoms is not supported by objective medical evidence") (citations omitted).

In any event, the record contains ample evidence demonstrating ongoing issues with pain and fatigue, despite the use of medications and chiropractic treatment. See, e.g., 1178-83. As such, the fact that, during a one-time evaluation with Dr. Marshall, plaintiff had relatively benign findings and exhibited a "lack of effort because of generalized pain" is not probative as to her overall level of physical functioning. Tr. 920-23; see also SSR 12-2p, available at 2012 WL 3104869 ("the symptoms and signs of [fibromyalgia] may vary in severity over time and may

even be absent on some days"). In fact, Dr. Marshall explicitly noted that plaintiff was "very drowsy appearing and lethargic with very significant speech latency and lots of sighing." Tr. 920. In sum, although inconsistencies between a claimant's hearing testimony and the medical record can be one factor to consider in evaluating subjective symptom statements, that reason is not supported by substantial evidence in the case at bar.

Regarding plaintiff's mental impairments, the ALJ mischaracterized the medical evidence. Significantly, when read in its entirety, the longitudinal mental health record overwhelming reflects that, despite an occasional good day or brief remission in symptoms, plaintiff struggled with significant depression and anxiety, as well as interpersonal problems, poor insight and judgment, and loneliness, throughout the adjudication period even with consistent treatment. Tr. 879-918, 938-1058, 1076, 1080, 1184-96; see also Garrison v. Colvin, 759 F.3d 995, 1017 (9th Cir. 2014) (in the context of "mental health issues, it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment") (citations omitted); Ghanim v. Colvin, 763 F.3d 1154, 1164 (9th Cir. 2014) (ALJ may not cherry-pick isolated instances of improved psychological symptoms when the record as a whole demonstrates longstanding psychological impairment).

Further, plaintiff's counseling notes reflect that she called the crisis hotline numerous times during the relevant time period. Tr. 897-901, 910, 941-48, 1017-22, 1044, 1184. As plaintiff correctly denotes, "[m]ost of [these calls] revolved around loneliness and anxiety, and her struggles to deal with ordinary things, such as going to the laundry room to do laundry." Pl.'s Opening Br. 14. The record also reveals these crisis calls subsided not due to a reduction in symptoms, but rather because plaintiff was informed by her counselor that her "mental

healthcare 'budget' [would] run out" if she "continue[d] to use services at her current rate." Tr. 960. Similarly, while plaintiff reduced the frequency of her counseling sessions at her therapist's recommendation (from once per week to, eventually, once every two-to-four weeks), she often requested additional or more frequent treatment, such as telephone check-ins between office appointments. See, e.g., Tr. 962, 970, 974, 1002, 1038, 1042, 1184-96. Moreover, the ALJ wholly failed to address, or otherwise account for in the RFC, plaintiff's testimony regarding her need to sleep for two-to-three hours per day, as well as her documented fixation with stuffed animals and dolls. Tr. 299-300, 917, 944-45, 1002, 1008-10, 1018-22.

The ALJ therefore failed to provide a clear and convincing reason, supported by substantial evidence, to reject plaintiff's subjective symptom testimony. The ALJ's credibility finding should be reversed.

## IV. RFC and Step Five Finding

Plaintiff contends the ALJ's RFC and step five finding are erroneous because the hypothetical question posed to the VE did not adequately account for all of her limitations. Plaintiff's contingent argument is well-taken. Because the ALJ failed to account for the concrete work-related limitations of function outlined in plaintiff's wrongfully rejected subjective symptom statements, the ALJ erred in relying upon the VE's testimony. See Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993) (if a VE's "hypothetical does not reflect all the claimant's limitations, then the . . . testimony has no evidentiary value") (citations and internal quotation marks omitted) ; see also Stout v. Comm'r of Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006) (only mistakes that are "nonprejudicial to the claimant or irrelevant to the ALJ's

ultimate disability conclusion" are harmless). Accordingly the ALJ's ultimate decision is not supported by substantial evidence and remand is necessary.

V.      **Remand**

The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1176-78 (9th Cir. 2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The court nevertheless may not award benefits punitively. Strauss v. Comm'r of the Soc. Sec. Admin., 635 F.3d 1135, 1138 (9th Cir. 2011); see also Dominguez v. Colvin, 808 F.3d 403, 407-08 (9th Cir. 2015) (summarizing the standard for determining the proper remedy).

As discussed herein, the ALJ erred in evaluating plaintiff's subjective symptom testimony. The record before this Court is ambiguous regarding the extent of plaintiff's allegedly disabling mental impairments. On the one hand, plaintiff sought longstanding counseling and medication management in an effort to control her depression and anxiety, including consistently reporting associated significant symptoms. Tr. 879-918, 938-1058, 1076, 1080, 1184-96. On the other hand, there is no acceptable medical source evidence from the relevant time frame regarding functional limitations associated with plaintiff's psychological conditions and plaintiff's treating sources indicated that her depression and anxiety were more stable (although not resolved) beginning in 2013. See, e.g., Tr. 1001-02, 1042, 1184-96. Finally, plaintiff was

dependent on her mother until her mother's death in 2010, and has never worked at substantially gainful levels, facts which the ALJ failed to meaningfully address. Tr. 68, 73, 1158.

In light of these ambiguities, further proceedings are required to resolve this case. Upon remand, the ALJ must refer plaintiff to an examining mental health specialist to determine any psychologically-based functional limitations, or consult a medical expert to review the entire record, and, if necessary, reformulate plaintiff's RFC and obtain additional VE testimony.

## RECOMMENDATION

For the reasons stated above, the Commissioner's decision should be reversed and this case should be remanded for further proceedings. This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 29th day of August 2017.

    s/Jolie A. Russo
    JOLIE A. RUSSO
    United States Magistrate Judge